```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
ASTON EARL McCREA,                 :
                                   :
        Petitioner,                :    Civ. No. 17-4501 (NLH)
                                   :
    v.                             :    OPINION
                                   :
DAVID ORTIZ,                       :
                                   :
        Respondent.                :
_____:

APPEARANCES:

Aston Earl McCrea, No. 33982-083
FCI – Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
    Petitioner Pro se

Craig Carpenito, Esq.
Anne B. Taylor, Esq.
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
    Counsel for Respondent


HILLMAN, District Judge

    Petitioner Aston Earl McCrea, a prisoner presently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which challenges the legality of his imprisonment. ECF No. 1. In lieu of an answer, the Respondent filed a Motion to Dismiss the Petition for lack of jurisdiction. ECF No. 7. The Petitioner has not filed an

opposition. For the reasons expressed below, the Court will grant the Motion and dismiss the Petition for lack of jurisdiction.

**I. BACKGROUND**

Petitioner was convicted by jury in the Western District of Virginia of conspiracy to distribute marijuana, possession with intent to distribute, conspiracy to commit money laundering, possession of a firearm as a felon, and possession of a firearm in furtherance of a drug trafficking crime. See ECF No. 1, Pet. at 1; No. 7:11-cr-89, ECF Nos. 80 (jury verdict), 108 (judgment of conviction) (W.D. Va.). Petitioner received a one hundred and eighty (180) month sentence for these convictions. ECF No. 1, Pet. at 1; No. 7:11-cr-89, ECF No. 108 (W.D. Va.). Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals regarding his conviction, which was denied on July 12, 2013. See No. 12-4755, ECF No. 52 (mandate) (4th Cir.). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States as to that appeal.[1] See generally No. 12-4755 (4th Cir.).

---

[1] Petitioner filed another appeal to the Court of Appeals for the Fourth Circuit related to the forfeiture order, which was denied. See No. 14-4055 (4th Cir.). He did file a petition for writ of certiorari with the Supreme Court of the United States in the forfeiture order appeal, which petition was denied. See id.

2

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in his sentencing court on July 24, 2013. See No. 7:11-cr-89, ECF No. 172 (W.D. Va.). In his § 2255 motion, Petitioner argued that his counsel was ineffective because, inter alia, his counsel failed to argue that Petitioner was not a career offender. Id. at 8. While his § 2255 motion was pending, the Supreme Court of the United States issued its opinion in Rosemond v. United States, 134 S. Ct. 1240 (2014), on March 5, 2014. Petitioner did not amend his § 2255 motion, file a supplemental brief, or request leave of court to do so in response to the Rosemond opinion. See generally No. 7:11-cr-89 (W.D. Va.). Petitioner's sentencing court denied his § 2255 motion on June 13, 2014. See No. 7:11-cr-89, ECF Nos. 203 (opinion), 204 (order) (W.D. Va.).

Prior to filing the instant petition, Petitioner filed in the Court of Appeals for the Fourth Circuit a request to file a second and successive § 2255 motion, seeking to bring the same two claims that are raised in the instant Petition. See No. 17-160, ECF No. 2 (4th Cir.). That request was denied by order dated March 27, 2017, without an opinion or explanation for the denial. See No. 17-160, ECF No. 8 (4th Cir.).

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on June 9, 2017, which was docketed on June 19, 2017. In it, he argues that pursuant to Rosemond v. United States, 134 S.

3

Ct. 1240 (2014), he is actually innocent of his firearm offenses because he never had possession of the firearm at issue, and that he was improperly considered a career offender by his sentencing court. See ECF No. 1, Pet. at 4-5. The instant Petition is substantially the same as the proposed successive § 2255 motion he sought to file by leave of the Fourth Circuit. Compare ECF No. 1, with No. 17-160, ECF No. 2 (4th Cir.).

## II. DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. § 2243.

4

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

5

The Third Circuit emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Further, the mere fact that a claim is time barred

6

does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception because Petitioner had an opportunity to seek judicial review for both of the issues raised in this Petition in his § 2255 Motion. He did, in fact, raise his career offender status in his § 2255 motion, and he had the opportunity to include the Rosemond issue in that motion as well, but failed to do so. As to the Rosemond decision, Petitioner failed to amend his § 2255 motion to include reference to that recent decision and also failed to seek reconsideration after the court's decision in light of that decision. In addition, Petitioner had an opportunity to and did raise both issues in his request to the Fourth Circuit to file a second and successive § 2255 Motion, which Petitioner admits in this Petition. ECF No. 1, Pet. at 3

7

(noting issues raised in § 2255 are the "SAME AS INSTANT MEMORANDUM OF LAW").

"In Rosemond, the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense, holding that the government must prove that 'the defendant actively participated in the underlying . . . violent crime with advance knowledge that would a confederate would use or carry a gun during the crime's commission.'" Tawalebah v. Warden Fort Dix FCI, 614 F. App'x 46, 48 (3d Cir. 2015) (quoting Rosemond, 134 S. Ct. at 1243). No court, however, has held that such a claim may be brought pursuant to a § 2241 petition. See id. (noting that the Court of Appeals for the Third Circuit has not yet addressed whether a Rosemond claim may be brought via a § 2241 petition pursuant to a Dorsainvil exception); Moore v. United States, No. 17-cv-125, 2018 WL 527917, at *4 (M.D. Pa. Jan. 24, 2018) ("Based upon Petitioner's failure to present this Court with any authority to support a determination that any federal Court has held that a Rosemond based claim may be pursued via a § 2241 proceeding, it is apparent that habeas corpus review is not appropriate here."); Spataro v. Hollingsworth, No. 15-cv-1736, 2016 WL 3951327, at *5 (D.N.J. July 21, 2016)("[B]ecause Rosemond does not represent a retroactive change in the law which negates the criminality of his conduct, Petitioner's claim does not fit within the

8

Dorsainvil exception, and it must be dismissed."), aff'd 684 F. App'x 117 (3d Cir. 2017).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since he has previously filed a § 2255 motion, Petitioner would need to seek permission from the Fourth Circuit to file a second and successive motion. Petitioner has already sought such permission, which was denied. Any successive § 2255 motion would also appear to be time-barred given the date of Petitioner's conviction and the date on which the Rosemond opinion was issued. The Court thus finds that it is not in the interests of justice to transfer this habeas Petition. See also Pagan v. Warden Lewisburg USP, 659 F. App'x 715, 717 (3d Cir. 2016) (noting that the Court of Appeals for the Second Circuit had denied the petitioner's request to file a second and successive § 2255 motion because Rosemond "focused entirely on statutory interpretation and did not set out a new rule of constitutional law. Moreover, even if Rosemond were construed as setting out a new rule of constitutional law, there is no indication that the Supreme Court intended any such rule

to apply retroactively to cases on collateral review."). Petitioner is free to file another request for a second motion to vacate, set aside, or correct sentence pursuant to § 2255 in the Fourth Circuit or to file a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) in his sentencing court on his own.

## III. CONCLUSION

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.


Dated: April 5, 2018          s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.